# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY ANTHONY WOODFORK,<br><br>                      Petitioner,<br><br>    v.<br><br>ROBERT J. HERNANDEZ, Warden, at al,<br><br>                      Respondents. | Civil No.   07cv0666 L (POR)<br><br>**PROPOSED FINDINGS OF FACT AND RECOMMENDATION THAT PETITION FOR WRIT OF HABEAS CORPUS BE DENIED** |

      Petitioner Jeffrey Anthony Woodfork ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his custody at R. J. Donovan Correctional Facility. Petitioner claims that he was convicted in violation of his federal rights to procedural due process, due to ineffective assistance of counsel and prosecutorial misconduct. In accordance with Local Rule 72.1(d), this Court issues the following Proposed Findings of Fact and Recommendation for Disposition. For the reasons set forth below, the Court respectfully recommends that the Petition be DENIED.

## I. Background

**A.    Petitioner's Conviction**

      The following facts are taken verbatim from the California Court of Appeal's opinion upon Petitioner's direct appeal of his conviction:

///

> The store manager at Sam Goody's in Horton Plaza testified on January 4, 2006 he heard the alarm go off and saw Woodfork run from the store holding a number of compact discs (CDs). Other store employees and police officers joined a chase of Woodfork. Eventually, Woodfork was detained. Store CDs were found near the site of detention. Woodfork testified that on January 4 he was walking through the Sam Goody's store with a man he met that morning. His companion stopped by some CDs and Woodfork kept walking. Woodfork testified he did not see his companion take CDs. As Woodfork and his companion exited the store an alarm went off. Woodfork asked his companion if he had taken something and his companion admitted he had. Wookfork took the CDs intending to reurn them to the store. When Woodfork's neck was grabbed from behind, he panicked and ran.

Lodgment 6 at 2.[1]

**B.   Petitioner's Direct Appeal and Collateral Attack**

Upon appeal of his conviction, Petitioner's appellate counsel claimed that trial counsel was ineffective in failing to subpoena the witness who accompanied Petitioner on the day of his arrest, that trial counsel failed to pursue a diligent defense, and that the trial court abused its discretion by denying Petitioner's request for a continuance in order to subpoena the witness who accompanied Petitioner on the day of his arrest. Lodgment 4. Petitioner supplemented the appellate brief submitted on his behalf with his own claims of ineffective assistance of counsel and prosecutorial misconduct. Lodgment 5. The Court of Appeal affirmed Petitioner's conviction on January 11, 2007, holding that Petitioner's trial counsel was competent and that no reasonably arguable issues were presented on appeal. Lodgment 6.

Petitioner filed a petition for writ of habeas corpus with the California Supreme Court on February 1, 2007. Lodgment 7. The California Supreme Court denied the habeas petition on February 28, 2007. Lodgment 8.

**C.   Petition for Federal Habeas Corpus Relief**

The instant petition for a federal writ of habeas corpus was filed with this Court on April 12, 2007, and is Document 1 on this civil docket. The petition seeks relief on grounds that Petitioner

---

[1] Under 28 U.S.C.A. § 2254, factual determinations by a state court are presumed correct unless Petitioner rebuts the presumption by clear and convincing evidence. Petitioner has not attempted to rebut the factual findings made in state court as to his crime, his arrest and his conviction. 28 U.S.C.A. § 2254(e)(1) reads:
> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

did not receive effective assistance of counsel at the trial level and that Petitioner's right to due process was violated by prosecutorial misconduct.

A response to the petition was filed on May 29, 2007 by the Attorney General of the State of California. Doc. 8. Petitioner filed a reply on July 10, 2007 which includes a demand for an evidentiary hearing. Doc. 12.

## II. Standard of Review

Title 28 U.S.C. section 2254(a), allows for federal review of "the judgment of a State court only on the ground that [the habeas petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (2007). The current petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to habeas corpus petitions filed after 1996. Lindh v. Murphy, 521 U.S. 320 (1997). As amended by the AEDPA, 28 U.S.C. section 2254(d) reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2007).

Federal habeas review is available to assess the constitutionality of a judgment of a state court. Where there is no reasoned decision from the state's highest court to review, a federal court "looks through" the silent state court decision to the "last reasoned opinion" issued in the state's courts. Ylst v. Nunnemaker, 501 U.S. 797, 803, 805 (1991). In Petitioner's case, the California Supreme Court denied Petitioner's petition for writ of habeas corpus without comment. Lodgment 8. Therefore, in reviewing Petitioner's claims, this Court looks to the reasoned opinion by the California Court of Appeal, Fourth Appellate District, Division One, dated January 11, 2007 (filed with this Court as Lodgment 6), which affirmed Petitioner's conviction. Ylst, 501 U.S. at 801-06.

///
///

### III. Discussion

The instant petition raises twelve grounds for federal habeas relief. <u>Doc. 1</u>. Petitioner raises the same claims of ineffective assistance of counsel in his federal habeas petition as were raised in his direct appeal, as well as his state habeas petition. <u>Lodgments 4,5 and 7</u>. The Court of Appeal found that Petitioner's claims of ineffective assistance of counsel failed because the record of Petitioner's trial did not demonstrate deficient performance by his trial counsel. <u>Lodgment 6 at 3-4</u>. Petitioner also raises grounds for relief based on claims of prosecutorial misconduct. Those claims were presented to the Court of Appeal and to the California Supreme Court and were similarly denied. <u>Lodgment 5 at 8, Lodgment 7 at 8</u>.

**A. Claims of Ineffective Assistance of Counsel**

Petitioner claims ineffective assistance of trial counsel - in violation of his alleged rights under the Fifth, Sixth and Ninth Amendments, as well as the due process and equal protection guarantees of the Fourteenth Amendment - in Grounds One through Seven of the Petition, as well as Grounds Nine, Ten and Eleven. <u>Doc. 1</u>. Ground One asserts that Petitioner's trial counsel exhibited a constitutionally impermissible conflict of interest when trial counsel failed to timely show Petitioner the video evidence used against him at trial. <u>Doc. 1 at 6.</u> Ground Two restates the claim of Ground One, stating that trial counsel's inability to timely show Petitioner the video evidence used against him at trial violated his due process rights. <u>Doc. 1 at 7.</u> Ground Three asserts that defense counsel generally provided ineffective assistance by failing to pursue pretrial motions, failing to present evidence and failing to consult with Petitioner about presenting an effective defense. <u>Doc. 1 at 8.</u> Ground Four complains that trial counsel was negligent in not consulting with Petitioner on the video evidence presented at trial and that if she had, she would have argued at trial that the clothing worn by the offender in the video was not Petitioner's own. <u>Doc. 1 at 9.</u> Ground Five states generally that trial counsel did not properly consult with Petitioner to provide him with effective representation. <u>Doc. 1 at 12.</u> Ground Six makes allusions to a claim that defense counsel was not constitutionally diligent enough in interviewing prospective witnesses to provide Petitioner with a defense. <u>Doc. 1 at 13.</u> Ground Seven asserts that defense counsel was not diligent in bringing pretrial motions. <u>Doc. 1 at 14.</u> Ground Nine makes the same assertion as Ground

1  Seven, that defense counsel did not diligently bring pretrial motions. Doc. 1 at 16. Ground Ten
2  argues that defense counsel failed to seek the suppression of incriminating evidence, while also
3  failing to investigate and pursue exculpatory evidence. Doc. 1 at 17. Ground Eleven claims that
4  defense counsel failed to "investigate all defenses, explore the factual bases for defenses and
5  research the applicable law." Doc. 1 at 18.

6  These claims of ineffective assistance of counsel were previously raised by Petitioner upon
7  direct appeal, in his supplemental brief to the Court of Appeal. In assessing these claims, the Court
8  of Appeal identified the clearly established law controlling habeas corpus claims of ineffective
9  assistance of counsel, as established by the United States Supreme Court in Strickland v.
10 Washington. 466 U.S. 668 (1984). The Strickland decision set forth the requirements necessary to
11 prevail on a claim of ineffective assistance of counsel. First, "the defendant must show that
12 counsel's performance was deficient." Strickland, 466 U.S. at 687. Second, "the defendant must
13 show that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687.

14 Because the Court of Appeal applied the clearly established federal standard in assessing
15 Petitioner's claims, it is this Court's role to examine whether the Court of Appeal's decision was an
16 unreasonable application of this clearly established test from Strickland v. Washington. The goal of
17 the Court in conducting the Strickland analysis is to find "whether the result of the proceeding was
18 fundamentally unfair or unreliable." Lockhart v. Fretwell, 506 U.S. 364, 369 (1993). In doing so,
19 "the court strongly presumes 'that counsel's conduct falls within the wide range of reasonable
20 professional assistance.'" James v. Borg, 24 F.3d 20, 27 (9th Cir. 1994)(quoting Strickland, 466
21 U.S. at 689).

22 For this Court to find that the Court of Appeal's decision was unreasonable, Petitioner must
23 show that his trial counsel "made errors so serious that counsel was not functioning as the 'counsel'
24 guaranteed the defendant by the Sixth Amendment." Campbell v. Wood, 18 F.3d 662, 673 (9th Cir.
25 1994). Petitioner asserts that his trial counsel excluded him from the formulation of his defense,
26 failed to investigate his case, failed to bring pretrial motions on his behalf and failed to present
27 exculpatory evidence. As set forth below, a review of the trial record from Petitioner's case reveals
28 that his defense counsel's representation was "within the wide range of reasonable professional

assistance." Strickland, 466 U.S. at 689.  In finding similarly, the Court of Appeal's decision upon Petitioner's direct appeal was not contrary to federal law.

Grounds One, Two and Four of the Petition all fault defense counsel for not conferring with Petitioner regarding Sam Goody's surveillance videotape, which was presented at trial by the prosecution.  Petitioner does not specifically allege how his counsel's representation in this regard was unreasonable, nor how it prejudiced his defense.  Petitioner represented to the trial court, on the record, that he and defense counsel did view the videotape together days before the commencement of Petitioner's trial.  Lodgment 2 at 12.  The videotape was admitted into evidence and played in court during examination of the prosecution's first witness.  Lodgment 2 at 48-51.  Petitioner's frustration regarding the surveillance videotape seems to be less with the representation he received from trial counsel, and more from the fact that his own testimony at trial was not supported by the videotape, as argued in the prosecution's closing argument.  Lodgment 2 at 175-77.  Petitioner fails to demonstrate how his representation at trial was made objectively unreasonable by counsel's not showing the surveillance videotape to Petitioner sooner than Petitioner eventually viewed it.  The Court of Appeal's denial of Petitioner's claim of ineffective assistance of counsel on these grounds was not an unreasonable application of the Strickland standard.

Grounds Three, Seven and Nine all allege that defense counsel was ineffective for failing to pursue pretrial motions.  Petitioner does not specify the pretrial motions that he believes a reasonable attorney would have brought.  The record from Petitioner's trial includes motions *in limine* brought on his behalf by trial counsel.  Lodgment 1 at 5-8.  Counsel sought to have Petitioner's status as a parolee kept from the jury, as well as evidence of Petitioner's prior convictions.  Id. at 5-8.  The trial record also shows that Petitioner himself requested that his trial be postponed because he had only recently examined the Sam Goody's surveillance videotape, because he believed the videotape had been tampered with by the prosecution, because his counsel had revealed to the Court that Petitioner would testify to running from police because he was on parole, and because Petitioner wanted to subpoena witnesses on his behalf.  Lodgment 2 at 12-17.  In so far as Petitioner alleges ineffective assistance because counsel did not make these motions on his behalf, Petitioner cannot demonstrate that this prejudiced his defense, since the motions were denied by the

court when he made them himself. Strickland, 466 U.S. at 687. Furthermore, Petitioner fails to demonstrate how his trial counsel provided him with objectively unreasonable assistance by failing to pursue other pretrial motions. "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994). The Court of Appeal's application of the Strickland standard was not unreasonable as it pertains to these grounds for relief.    Grounds Five, Ten and Eleven are somewhat vague claims of ineffective representation premised on defense counsel's failure to meet with Petitioner and to investigate and present exculpatory evidence on his behalf at trial. In Petitioner's Reply, he explains that the clothing he was wearing when he was arrested provided exculpatory evidence, because his shirt collar was ripped thus corroborating his testimony that he was grabbed by the neck from behind by a store employee, startling him and causing him to flee. Doc. 3-4. The store employee testified at trial that he did not put his hands on Petitioner, nor was he ever within reaching distance of Petitioner at any time during his pursuit of Petitioner. Lodgement 2 at 52. "In determining whether [Petitioner] received effective assistance of counsel, [the Court] will neither second-guess counsel's decisions, nor apply the fabled twenty-twenty vision of hindsight, but rather, will defer to counsel's sound trial strategy." Murtishaw v. Woodford, 255 F.3d 926, 939 (9th Cir. 2001) (internal quotation and citation omitted). The Court of Appeal's decision that Petitioner was afforded effective assistance of counsel is not made unreasonable by Petitioner's claim that the presentation into evidence of a torn shit would have refuted the store employee's testimony, which was itself corroborated by the surveillance videotape. Trial counsel's representation in this regard was not objectively unreasonable, nor did the exclusion of such evidence prejudice Petitioner's defense.

   Ground Six of the Petition suggests that defense counsel was unconstitutionally ineffective because she failed to interview prospective witnesses on Petitioner's behalf. Doc. 1 at 13. Prior to the commencement of trial, Petitioner himself requested that the court postpone trial and allow him to call witnesses that he, rather than counsel, proposed calling. Lodgment 2 at 14-17. The trial judge explained to Petitioner the reasons that his proposed witnesses would not be admitted at trial. Id. The court informed Petitioner that the teacher of Petitioner's anger-management class would not provide admissible evidence because his testimony would not be relevant to the trial. Id. The court

1   also explained that Petitioner's desire to call as a witness his alleged companion in Sam Goody's on
2   the day of his arrest - who Petitioner accused at trial of committing the crime for which Petitioner
3   was arrested - was not cause to postpone Petitioner's trial, because of that person's likely exercise of
4   his Fifth Amendment right not to testify if he were subpoenaed for that purpose. Id. The trial
5   court's denial of these requests suggest that defense counsel was not "objectively unreasonable
6   under prevailing professional norms" in not pursuing these witnesses on Petitioner's behalf. Hughes
7   v. Borg, 898 F.2d at 702. Furthermore, since the trial court denied Petitioner's own motions to
8   postpone trial so that he could subpoena his proposed witnesses, Petitioner cannot demonstrate that
9   his defense was prejudiced by his attorney's failure to seek out these witnesses herself. Strickland,
10  466 U.S. at 687. The Ninth Circuit has previously held that the standard of effective assistance of
11  counsel was met where counsel failed to call a witness who had a Fifth Amendment right not to
12  testify and had credibility problems because he was a convicted felon. United States v. Harden, 846
13  F.2d 1229, 1231-32 (9th Cir. 1988). The Court of Appeal's decision that Petitioner received
14  effective assistance of counsel despite his counsel's failure to pursue these prospective witnesses,
15  was not an unreasonable application of the Strickland standard.

**B.  Claims of Prosecutorial Misconduct**

17       Petitioner also seeks habeas relief based on claims of prosecutorial misconduct. Ground
18  Eight of the Petition alleges a violation of due process from the prosecution's prejudicial use of
19  unspecified discovery materials and the presentation of such evidence to the court and to the jury at
20  Petitioner's trial. Doc. 1 at 15. Ground Twelve of the petition claims prosecutorial misconduct
21  through vague assertions that the prosecutor in Petitioner's case prevented defense counsel from
22  presenting a defense by failing to make required disclosures. Doc. 1 at 19. In his supplemental brief
23  to the Court of Appeal, upon direct appeal of his conviction, Petitioner raised the claim that the
24  prosecution in his case failed to provide his defense attorney with discovery. Lodgment 5 at 8.
25       Clearly established federal law states that prosecutorial misconduct is a ground for habeas
26  relief if such misconduct "so infected the trial with unfairness as to make the resulting conviction a
27  denial of due process." Darden v. Wainwright, 477 U.S. 168, 181 (1986). The Court of Appeal
28  found, upon Petitioner's direct appeal of his conviction, that the record of Petitioner's trial did not

1 support Petitioner's claim that the prosecution failed to provide discovery to trial counsel.
2 Lodgement 6 at 3.  Petitioner's Reply alleges that the prosecution "manipulated videotaped
3 evidence" and failed to introduce his clothing as evidence. Doc. 12 at 3-4.  As discussed above, the
4 store employee whom Petitioner alleges grabbed him and tore his shirt testified at trial that he did
5 not put his hands on Petitioner and that he was never within reaching distance of Petitioner at any
6 time during his pursuit of Petitioner.  Lodgement 2 at 52.  The Sam Goody's surveillance videotape
7 was indisputably admissable evidence at trial.  Neither the prosecution's use of the videotape, nor
8 the prosecution's omission of the clothing as evidence, denied Petitioner his right to due process nor
9 "infected the trial with unfairness." Darden v. Wainwright, 477 U.S. at 181.  The Court of Appeal's
10 finding that the record of Petitioner's trial did not support Petitioner's claim of prosecutorial
11 misconduct was not an unreasonable determination, nor was the Court of Appeal's denial of
12 Petitioner's claim of prosecutorial misconduct contrary to clearly established federal law as
13 determined by the Supreme Court of the United States in Darden v. Wainwright.

## IV. Conclusion

After thorough review of the record in this matter and based on the foregoing analysis, this Court recommends that the Petition for Writ of Habeas Corpus be DENIED and this action be DISMISSED WITH PREJUDICE.  This Proposed Findings of Fact and Recommendation for Disposition of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, the Honorable M. James Lorenz, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (2007) and Local Rule 72.1(d).

IT IS HEREBY ORDERED that **no later than March 14, 2008**, any party may file and serve written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed and served no later than ten days after being served with the objections.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

///

1    IT IS FURTHER ORDERED that Petitioner's demand for an evidentiary hearing, contained
2 in his Reply (Doc. 12 at 12), is hereby DENIED.

4 DATED: February 14, 2008

_____
LOUISA S PORTER
United States Magistrate Judge

8 cc:        The Honorable M. James Lorenz
9            all parties